A. D. MULLIKEN v. WM. LEIBER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—602.]

**Protection of Bona Fide Purchasers.**

A bona fide purchaser from the owner of property upon which an improvement has been made or the work done is protected, but an assignee of a contractor can take no greater right than the contractor himself had; and he can not be protected as against those who as between the contractor and the employer have superior liens.

**Laborer's Notice of Lien.**

When the laborer gives notice before payment by the employer that he looks to the property or improvement for his pay, he acquires a lien that can be enforced as if he had been the original contractor, and after such notice if the employer pays money to the original contractor or his assignee he does so at his peril.

**Laborers' Joint Liens.**

Laborers performing labor on one contract have a joint lien on the work and property, but no single lien can be taken on a claim for less than $10. Where a joint lien is asserted it is not necessary that each single lien should be $10 or more, but such liens may be added together and if the aggregate is $10 or more the lien may be enforced.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 17, 1886.

OPINION BY JUDGE PRYOR:

We think it manifest that the assignee takes no greater right from the contractor than the contractor himself had, and although

a purchaser without notice, he can not be protected as against those who as between the contractor and the employer have superior liens. It is the bona fide purchaser from the employer, of the property upon which the improvement has been made or the work done, that is protected and not the assignee of the contractor who himself has a lien subordinate to the liens of those working under him after notice. When the laborer gives notice before payment by the employer that he looks to the property or improvement for his pay, he acquires a lien that can be enforced as if he had been the original contractor; and in like manner, the employer after such notice to him pays to the original contractor or his assignee at his peril.

Section 1 of the act provides that no lien shall so attach for any sum amounting to less than $10. Under this proviso neither the contractor nor his subcontractor can enforce his lien if for a less sum, but if there is a joint lien for a greater amount than the $10 it may be enforced by the provisions of the section fixing the amount for which the lien may be enforced. The section provides that all persons who shall perform labor, etc., by or under any employment or contract, express or implied, shall have and may have a joint lien on the house, building, etc., and then provides that no lien shall so attach for any sum amounting to less than $10. The plain purpose of this last provision was to prevent multiplicity of suits and the annoyance that must necessarily result to the employer and contractor in having liens enforced in separate or joint actions for such a small sum. But where there is a joint lien amounting to more than $10 as in this case, the lien may be asserted. The framers of this act evidently saw the evil that would attend the assertion of such small claims in separate actions, and therefore provided that they might have a joint lien on the property, and further provided that no lien should attach for less than $10.

If the contractor had not assigned this claim and was enforcing his lien on the property as against the employer, we see no reason why these sublaborers or contractors might not write and assert their liens on the fund after notice to the employer. If a joint lien, why should not the one be added to the other so as to increase the lien to $10 or more. The act does not provide that each man's claim shall be for $10 or more, but does create a joint lien that attaches if for $10 or over.

The third section of the act applicable to laborers, etc., fixes no

sum from which the lien will be withheld, but the various sections must be construed together, and it is evident that neither a joint nor several lien can be enforced unless it amounts to $10 or more. The question, it seems to us, is, Would the contractor be entitled to a lien if he had performed the labor instead of these appellees? If so, the latter should not be excluded if the joint lien exceeds or is equal to the amount fixed by the statute. It is urged, however, that if by the notice to the employer the claim is for less than $10 no lien attaches, that the severance of the claim due the contractor by apportioning it between the laborers destroys the lien. Such is not the proper construction of the statute. The lien is joint and not several, and if the employer has notice, whether from one or more of the subcontractors performing the labor, and he is owing more than $10, the lien may be asserted, because the contractor could assert, and the lien is a joint one. Suppose under § 1 the contract is performed in parcels by A, B, and C, and A and B's labor amounts to $100 and C's to $8; while C may not be able to enforce his lien in à separate action for the $8, the lien being joint, by the statute C may unite with A and B and enforce his lien. The joint lien would then amount to $108, and we see no reason why it should not be enforced. It is the joint lien that must amount to more than $10, and not the amount of the claim presented by each subcontractor.

We see nothing in the record, however, showing that Speed and Co. ever acquired a lien by notice or otherwise, and for that reason the judgment as to them is *reversed* for proceedings consistent with this opinion. *Affirmed* as to the other appellees.

*A. P. Humphrey, Bland Ballard, for appellants.*

*Elliott & Hemingray, for appellees.*